### UNITED STATES v. DULUTH, S. S. & A. RY. CO.

(District Court, W. D. Michigan. April 18, 1921.)

1. Master and servant &=14—Superstructure on cars held sufficiently permanent to require ladders in accordance with federal regulations.

Where ore cars of a railroad used in interstate commerce were no longer required for carrying ore, but were reconstructed for carrying limestone by placing thereon a superstructure which raised the height of the sides above the 36 inches permitted by regulations of the Interstate Commerce Commission for cars having no ladder on the side, and some of the cars had been so used for five years, and all would be so used as long as the limestone traffic continued, the superstructure was not a mere temporary addition to the cars, but the placing of it on the cars, without also placing ladders, subjected the railroad company to the penalty for violation of the order.

**2. Commerce ☞91—Safety regulations of Interstate Commerce Commission are not subject to review.**

The regulation of the Interstate Commerce Commission that all cars having sides more than 36 inches high must be equipped with side ladders is final, and not subject to review or change by the courts.

**3. Master and servant ☞14—Cars of special construction must comply with federal regulations as to ladders.**

Since the order of the Interstate Commerce Commission requires that cars of special construction shall have the equipment of cars of general construction nearest in class or kind, the construction of stone cars from ore cars by adding a superstructure, even though it makes the cars of special construction, does not relieve the carrier of its obligation to place side ladders thereon, and it was its duty to construct the superstructure in such manner that the side ladders could have been so placed.

At Law. Action by the United States against the Duluth, South Shore & Atlantic Railway Company. On motion to direct verdict in favor of plaintiff. Motion granted.

. Myron H. Walker, of Grand Rapids, Mich., U. S. Atty.

A. E. Miller, of Marquette, Mich., for defendant.

SESSIONS, District Judge. In the declaration in this case it is alleged that in four specific instances, set forth in the four counts of the declaration, the defendant failed to comply with the act of Congress and the orders of the Interstate Commerce Commission relating to safety appliances which are required to be placed upon· freight cars.

The statute was enacted mainly for the protection of railway train employees, and the law requires that certain appliances shall be placed on each car which is operated by such a carrier as the Duluth, South Shore & Atlantic Railway Company. Among other requirements is one that every car shall be equipped with automatic coupling apparatus, so that it will not be necessary for an employee or trainman to go between the ends of the cars to couple or to uncouple them. It appears from the undisputed evidence in this case that the car which is described in the first count of the declaration was not so equipped; in other words, that, at the time the car was hauled and used upon this railway line, the coupling apparatus was out of order and inoperative, and the car could not be coupled or uncoupled without going between the ends of the cars. Therefore the government is entitled to recover the statutory penalty.

Counts 2 and 3 of the declaration relate to the position or location of the drawbars upon two cars therein described. The drawbar again has to do with the coupling and uncoupling of cars, and the Interstate Commerce Commission has made a regulation that the center of the drawbar shall be not less than $31\frac{1}{2}$ inches and not more than $34\frac{1}{2}$ inches above the rail. It appears that the drawbar of the car which is described in the second count of the declaration was not $31\frac{1}{2}$ inches above the rail. The caboose, which is described in the third count of the declaration, has a drawbar which was located more than $34\frac{1}{2}$ inches, the maximum distance above the rail; so that, as to each of those counts, the plaintiff is entitled to recover the statutory penalty.

The fourth count rests upon a somewhat different basis, although it is founded upon the same statute and the same order of the Interstate Commerce Commission. In that count the defendant is charged with a failure to place ladders upon the sides of a certain ore or rock car. The Interstate Commerce Commission, pursuant to authority vested in it by the act of Congress, has ordered and directed that all cars having sides more than 36 inches in height above the floor or deck shall be provided with such ladders, and has specified the manner in which and the location where such ladders shall be attached.

It appears that in 1916 an ore car of the defendant was reconstructed. The original car had sides which were 36 inches in height, and hence did not call for side ladders. But in 1916 an extension, as it has been called, or a superstructure, was placed upon this car, and there was built up, above the sides of the car as originally existing, some 21½ or 22 inches of superstructure. There is a slight offset of from 2 to 4 inches between the outside of the side of the original car and the outside of the side of the superstructure. These structures make a car with sides some 57 or 58 inches in height, and of a height where ladders are required. It is the claim of the defendant that this is a temporary structure, somewhat in the nature of stakes which are placed upon flat cars for the purpose of loading lumber thereon, or a rack structure for the loading of wood or bolts, or something of that kind.

[1] To my mind this superstructure is not of such character. In the first place, it appears by the undisputed evidence that a considerable number of these cars were rebuilt in 1916 and have been in use for nearly five years. The superstructure was built by the defendant railway company for the purpose of accommodating a particular traffic, and so far as appears the cars having such superstructure will continue in their present form until that traffic is ended. It appears that the railway company had no further use for these cars as ore cars, and rebuilt them, so far as the superstructure is concerned, for the purpose of accommodating the cars to another traffic, namely, the hauling of limestone, and they then became rock cars. Rock is not as heavy as ore, and the purpose of reconstructing them was so that the cars could be loaded to their capacity.

[2, 3] The Interstate Commerce Commission has decided and ordered that all cars having sides more than 36 inches high must be equipped with side ladders. Its order is final, and not subject to review or change by the courts. It matters not whether we consider this as a car of special construction or of ordinary construction, because the order of the Interstate Commerce Commission requires that cars of special construction shall have the equipment of cars of general construction nearest in class or kind. Moreover, it was the duty of this defendant, at the time it built this superstructure upon the car here in question, if necessary, to have extended the ends of the superstructure, so that they would coincide with the sides of the car as originally constructed, in order that ladders might be built. The defendant cannot escape liability by a special construction of such character as to make it impossible to place the required ladder in the position where the law calls for it. That would be putting it in the hands of the defend-

ant railway company to evade the law in almost any particular; that cannot be done.

The statutory penalty for each violation is the sum of $100. There are four violations which have been proven in this case, and the verdict of the jury will be in favor of the plaintiff for the sum of $400.